# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 20-mj-2061
A 2002 Ford Taurus sedan, Vehicle Identification Number )
(VIN#) 1FAFP55U42G178296, )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
  See attachment "A".

located in the ___Eastern___ District of ___Pennsylvania___, there is now concealed *(identify the person or describe the property to be seized)*:
  See Attachment "B".

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
  ☑ evidence of a crime;
  ☐ contraband, fruits of crime, or other items illegally possessed;
  ☑ property designed for use, intended for use, or used in committing a crime;
  ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18, U.S.C. § 922 (g)(1); | Felon in possession of a firearm; |
| 26, U.S.C. § 5861(d) | Possession of an unregistered destructive device. |

The application is based on these facts:
See attached Affidavit.

  ☑ Continued on the attached sheet.
  ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Joseph Mangoni
*Applicant's signature*

ATF Special Agent Joseph Mangoni
*Printed name and title*

Sworn to before me and signed in my presence.

Date: December 2, 2020     /s/ Elizabeth T. Hey
*Judge's signature*

City and state: Merion Station, PA     U.S. Magistrate Judge Elizabeth T. Hey
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Joseph Mangoni, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a Federal Search Warrant for a 2002 Ford Taurus sedan, Vehicle Identification Number (VIN#) 1FAFP55U42G178296, further described in Attachment A. I wish to gain authorization to search for various items listed under Attachment B of this document.

2. I am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF) and have been since September 2001. During my career, I have been assigned to various investigative groups, to include the following, all in Philadelphia, PA: Firearms Trafficking Task Force; Violent Crime Impact Team, High Intensity Drug Trafficking Area (HIDTA) Task Force; Firearms Enforcement Group and the Crime Gun Intelligence Group (CGIC). Currently, I am assigned to the ATF Philadelphia Arson and Explosives (A&E) Task Force, which is a task force consisting of ATF Special Agents, Philadelphia Police Department (PPD) Detectives and Philadelphia Fire Department (PFD) Fire Marshal's Office (FMO) investigators. One of the Task Force's purposes is to investigate the illegal possession, use or transfer of "illegal explosive devices" or "improvised explosive devices (IED)". I am also a part-time member of the ATF National Response Team (NRT), which investigates large-scale fire and explosive incidents around the country. I have conducted or participated in hundreds of investigations relating to potential violations of the federal firearms, narcotics and tax laws. Since October 2017, I have been assigned to numerous arson and

explosive investigations in both the Philadelphia, Pennsylvania area and around the United States.

3. The information contained in this affidavit is known to me personally or has been relayed to me by other law enforcement officers, or individuals assisting law enforcement officers, or your affiants review of multiple police body camera recordings.  Because this affidavit is being submitted for the limited purpose of securing authorization to search the vehicle listed under Attachment A, I have not included every fact known to me concerning this investigation.  I have set forth only the facts that I believe are necessary to establish probable cause to obtain the requested warrant.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that evidence of violations of the federal firearms, explosives and tax laws may be located inside of the vehicle described in Attachment A.  The crimes being investigated include but are not limited to the following violations - Title 18, United States Code, Section 922 (g)(1) – felon in possession of a firearm; and Title 26, United States Code, Section 5861(d) – possession of a destructive device not registered in the National Firearms Registration and Transfer Record (NFRTR).  I believe there is probable cause to search the vehicle listed in Attachment A for evidence of these crimes as further described in Attachment B.

## PROBABLE CAUSE

5. On October 17, 2020, Philadelphia Police Department (PPD) Officers Raymond Sutton and Zachary Stout were working as partners in the same marked police vehicle.  The officers observed a dark Ford Taurus Sedan traveling southbound on Broad Street with a heavily worn "paper tag"; a paper license plate with visible tears where the expiration

date for the tag would normally be located. The officers observed that a brake light was out as well. Additionally, the officers saw the driver of the vehicle turning around in his driver seat, and facing and reaching toward the back-seat area of the vehicle with his right hand, causing the vehicle to swerve into other lanes of traffic. The officers initiated a traffic stop of the vehicle utilizing police lights. The vehicle pulled over to the side of Broad Street. Upon approach to the vehicle, the officers observed two people in the vehicle, who identified themselves as Kwamir Reid (Driver) and Gabriel Woods (Passenger). While Police Officer Sutton was speaking with the driver of the vehicle, Reid, Officer Sutton observed an open liquor container in the vehicle's center console area and apparent marijuana on Reid's lap. Reid told Officer Sutton that he did not have his Pennsylvania License Card, and that he (Reid) had obtained the vehicle approximately a month earlier. The officers returned to their police vehicle and continued their investigation, while Reid and Woods remained in the Ford Taurus. Officer Sutton researched and discovered that Kwamir Reid, who had provided a date of birth of May 13, 1997, had an open summary warrant outstanding for his arrest. Ultimately, the officers went back to the Taurus, asked both occupants to get out of the vehicle, and placed them into the rear of the marked police vehicle, un-cuffed.

6. Based on the officers' observations of narcotics and an open liquor container in the car and Reid's movements reaching toward the rear seat area, a cursory search of the vehicle was initiated by officers. Additionally, the officers determined that the vehicle was to be towed and impounded as the subject of a "Live-Stop" pursuant to 75 Pa. CSA. § 6309.2. As part of the "Live-Stop" process, police officers must inventory the vehicle for valuables prior to being towed. I have reviewed a City of Philadelphia Police Department

Live Stop Towing Report, listed under District Control # 2020-39-062841 confirming that the Vehicle listed in Attachment A was towed by the Philadelphia Parking Authority (PPA).

7. Upon the search/inventory of the vehicle, the officers recovered a small bag containing a firearm from the area that Reid was reaching towards prior to being pulled over by police. The firearm was a Springfield Armory, .40 caliber semi-automatic pistol, Model XD-40, bearing serial number MG127747, loaded with multiple rounds of .40 caliber ammunition.

8. In addition to the firearm, the officers also recovered suspected crack-cocaine and marijuana from the driver's seat area.  The officers then placed both Reid and Woods, who were still sitting in the rear of the marked police car, under arrest.

9. Following the arrest of both suspects, Officer Stout continued with the inventory and search of the vehicle's trunk.  Officer Stout found an explosive device, coated with a layer of BB's, inside a plastic bag on top of the spare tire under the carpeting of the trunk.  PO Stout moved the bag from under the carpet, laid the carpeting back down, placed the bag on top of the carpet, and alerted PO Sutton, along with his PPD Sergeant, who subsequently contacted the PPD Bomb Disposal Unit (BDU).  Police Officer Bomb Technician (POBT) Daniel Glass responded to the scene and recovered the device for safe transport to the PPD BDU for further exploitation and render-safe procedures.  Once the vehicle was cleared and determined to be safe, the vehicle was towed by the PPA to one of their parking lots in Philadelphia, PA.  I have confirmed that the vehicle has since been stored at PPA Lot #6, located at 4701 Bath Street, Philadelphia, PA 19137 and remains there today.  PPA maintains the keys to the vehicle.

According to PPA, no one has attempted to reclaim it and the car has been secured since they received it.

10. A Photograph of the device was taken showing the BB's affixed to the device:



11. On October 20, 2020, while at the PPD BDU, PPD Bomb Technician Detective Timothy Brooks and ATF Special Agent Certified Explosive Specialist Bomb Technician (S/A CES/BT) SarahJane Serafino performed render-safe procedures on the explosive device recovered in the trunk of the Ford Taurus vehicle. The device and powder samples have been sent to an ATF Laboratory for further testing, analysis and determination. The device does not have any serial numbers on it. It is the professional opinion of Bomb Technicians Brooks and Serafino that the device is an unregistered firearm within the meaning of Title 26 of the United States Code; that is, a Destructive Device.

12. On November 19th, 2020, I met with Police Officers Sutton, Stout, and Detective Christopher Chaves regarding this investigation. During the meeting, Officer Stout told me that during the search and subsequent "Live-Stop" inventory search he observed numerous BB's in various places on or near the floor of the passenger compartment of the vehicle. Officer Stout said that the BB's he saw on the interior of the vehicle were similar or identical to the BB's he observed affixed to the outside of the explosive device he located in the trunk of the vehicle. Officer Stout did not recover these loose BB's at the time of the search and inventory of the vehicle.

13. During the meeting, Detective Chaves told your affiant that after Reid was fingerprinted, Detective Chaves discovered that Kwamir Reid, was Antwine REID, a convicted felon. REID has a felony conviction, docketed at First Judicial District of Pennsylvania, Common Pleas Docket # CP-51-CR-0004124-2016, for Aggravated Assault, Conspiracy and Possession of a Firearm Carried without a License, all of which carry a penalty in excess of one year in prison. REID also has an open case in the courts of Philadelphia, PA, for Possession of a Firearm by a Prohibited Person, with an arrest date of July 26, 2019. He was on bail in that case when arrested in this case.

14. On November 20th, 2020, Bomb Technician Detective Timothy Brooks, spoke to assigned PPD POBT Glass regarding the report of loose BB's in the passenger compartment of the car. POBT Glass advised investigators he was not aware of any loose BB's inside the interior of the vehicle.

15. On November 27th, 2020, I received results from the ATF National Firearm Registration and Transfer Record (NFRTR) showing that neither REID, nor WOODS have any weapons legally registered to them in the NFRTR. The device itself is not marked with a

serial number as required by federal law, and therefore is not registered to anyone in the NFRTR.

16. Based on all the facts and circumstances set forth above, your affiant avers there is sufficient probable cause to believe that evidence of violations of Federal firearms laws; along with explosives and/or components related to the manufacture of explosives and/or Destructive Devices, in violation of Title 26 are located within the aforementioned vehicle.  A search warrant is therefore requested to permit agents to enter the Vehicle listed in "ATTACHMENT A" and search for items listed in "ATTACHMENT B".

Respectfully submitted,

*/s/ Joseph Mangoni*
Joseph Mangoni, Special Agent, ATF

Subscribed and sworn to before me on  December 2 , 2020

/s/ Elizabeth T. Hey
HONORABLE ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE

## **ATTACHMENT A**

A black, four door 2002 Ford Taurus sedan, Vehicle Identification Number (VIN#) 1FAFP55U42G178296.

## **ATTACHMENT B**

Evidence of violations of Title 18, United States Code, Section 922 (g)(1) – felon in possession of a firearm, and Title 26, United States Code, Section 5861(d) – possession of a destructive device not registered in the National Firearms Registration and Transfer Record (NFRTR), including:

- Weapons, to include but not limited to, destructive devices, firearms and explosives, including but not limited to gun powder, black powder, smokeless powder, detonators, improvised detonators and other explosive powder and materials;
- Explosive making materials or items utilized in the manufacturing of explosive devices, to include, but not limited to ball bearings (BB's), glue, clay end caps, cardboard tubing, hobby fuse, wicks, tools and materials used to manufacture explosives and improvised explosive devices, including but not limited to pipes, end caps, switches, trip wires and fuses;
- Documents facilitating the manufacture or purchase of explosives and improvised explosive devices including but not limited to manuals on the manufacture of explosives, store receipts for tools, materials, and chemicals used in manufacturing of explosives;
- Firearm accessories, firearms boxes, ammunition, ammunition magazines or documents related to firearms;
- Any vehicle ownership information and/or indicia of ownership including, but not limited to, vehicle registration, vehicle purchase documents; proof of insurance; inspection and repair paperwork; or personal mail and paperwork.
- Any liquor or alcoholic beverage containers
- Cellular phones
- Narcotics or narcotics paraphernalia.